I7RJMCGP                        Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           17 Cr. 243 SHS

5    JOSEPH McGOWAN,

6                  Defendant.

7    ------------------------------x

8

9                                          July 27, 2018
                                           9:35 a.m.
10

11

12   Before:

13                      HON. SIDNEY S. STEIN,

14                                          District Judge

15

16                        APPEARANCES

17

18   GEOFFREY S. BERMAN,
          United States Attorney for the
19        Southern District of New York
     ROBERT B. SOBELMAN,
20        Assistant United States Attorney

21

22   GLENN A. GARBER,
          Attorney for defendant McGowan

23

24

25

I7RJMCGP                         Plea

1               (In open court)

2               (Case called)

3               THE COURT:  Good morning.  The defendant is present.

4               Do you have an application, sir?

5               MR. GARBER:  Yes, we have an application to enter a

6       plea of guilty today to the first count of the indictment.

7               THE COURT:  Is the plea agreement that I have that was

8       just given to me identical, Mr. Sobelman, to the version that

9       was emailed to my Chambers yesterday or this morning?

10              MR. SOBELMAN:  Yes, your Honor.  Just to confirm, it

11      is dated July 24th, 2018.

12              THE COURT:  Yes, sir.

13              MR. SOBELMAN:  Yes, your Honor.

14              THE COURT:  Would you swear the defendant, please.

15              (The defendant was duly sworn)

16              THE COURT:  Mr. McGowan, I did not hear you respond

17      when my Deputy asked.  Did you respond?

18              THE DEFENDANT:  Yes, I did.

19              THE COURT:  Mr. McGowan, do you understand that you're

20      now under oath, sir, and if you answer any of my questions

21      falsely, your false or untrue answers may be later be used

22      against you in another prosecution for perjury or making a

23      false statement?

24              THE DEFENDANT:  Yes.

25              THE COURT:  You may be seated in the back of the

I7RJMCGP                        Plea

1    courtroom.

2              MR. GARBER:  Is it okay if we sit, too?

3              THE COURT:  I would like Mr. McGowan to stand unless

4    there is some issue?

5              MR. GARBER:  No.  I will stand with him then.

6              THE COURT:  You don't have to.

7              MR. GARBER:  I will.  If he is standing, I will.

8              THE COURT:  You have an attorney who stands with you,

9    sir.  I could have told you that before.

10             How old are you, Mr. McGowan?

11             THE DEFENDANT:  32.

12             THE COURT:  How far did you go in school?

13             THE DEFENDANT:  Sophomore year of college.

14             THE COURT:  Are you able to read, write, speak and

15   understand English?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  That is your native language, right?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Are you now or have you recently been

20   under the care of a doctor or a psychiatrist?

21             THE DEFENDANT:  Yes.

22             THE COURT:  What is that, a doctor or a psychiatrist,

23   or both?

24             THE DEFENDANT:  Psychiatrist and a psychologist since

25   I got arrested.

I7RJMCGP                        Plea

1              THE COURT:  Why are you seeing both of those

2    individuals?

3              THE DEFENDANT:  Mental health evaluation and drugs.

4              THE COURT:  Is one of those for drug treatment?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And the other, I take it, is for some form

7    of depression or nervousness or something along those lines?

8              THE DEFENDANT:  Yeah, all with the drugs.

9              THE COURT:  Now, have you ever been treated or

10   hospitalized for any adult illness, hospitalized?

11             THE DEFENDANT:  No.

12             THE COURT:  Have you ever been treated, apart from the

13   doctor you are now seeing, for any mental illness?

14             THE DEFENDANT:  Just ADHD when I was younger.

15             THE COURT:  Have you ever been treated or hospitalized

16   for any addiction, including drug or alcohol addiction, apart

17   from the treatment you're now undergoing by the psychologist?

18             THE DEFENDANT:  No.  That was something I tried to

19   handle on my own, which --

20             THE COURT:  Did you ever receive inpatient treatment?

21             THE DEFENDANT:  No.

22             THE COURT:  In the past 24 hours, sir, have you taken

23   any drugs, medicine or pills or consumed any alcohol?

24             THE DEFENDANT:  No.

25             THE COURT:  Is your mind clear today, sir?

I7RJMCGP                      Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  Are you feeling okay?

3              THE DEFENDANT:  As good as I can, yes.

4              THE COURT:  Do you have an attorney here?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Who is that?

7              MR. GARBER:  Mr. Glenn Garber.

8              THE COURT:  Mr. Garber, do you have any doubt as to

9    your client's competence to plead today?

10             MR. GARBER:  No.

11             THE COURT:  You heard Mr. Garber tell me that you wish

12   to withdraw your plea of not guilty and to enter a plea of

13   guilty today.  Is that true, do you wish to enter a plea of

14   guilty to Count 1?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Have you had a full opportunity to discuss

17   your case with Mr. Garber and to discuss the consequences of

18   entering a plea of guilty?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Are you satisfied with Mr. Garber and his

21   representation of you?

22             THE DEFENDANT:  Yes.

23             THE COURT:  On the basis of Mr. McGowan's responses to

24   my questions and my observations of his demeanor as he stands

25   here before me, I make the finding he is fully competent to

I7RJMCGP                    Plea

1   enter an informed plea at this time.

2           Before I accept the plea -- you can turn around, sir.

3   Other people have come into the courtroom if you want to take a

4   look -- before I accept a plea from you, sir, I am going to be

5   asking you a series of questions.  These questions are intended

6   to satisfy me that you wish to plead guilty because you are

7   guilty and determine that you fully understand the consequences

8   of entering this plea.

9           I am going to be describing to you certain rights you

10  have under the Constitution and laws of the United States.  You

11  are going to be giving up those rights if you enter a plea of

12  guilty, Mr. McGowan.

13          I need you to listen to me very carefully, and if you

14  don't understand anything I am saying to you or if you don't

15  understand anything I am asking you, I want you to stop me, you

16  can ask me anything you want, you can ask Mr. Garber anything

17  you want.  My concern is to make certain you understand

18  everything I am asking you and that you understand everything I

19  am saying to you.  Do you understand that, sir?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Under the Constitution and laws of the

22  United States, Mr. McGowan, you have a right to a speedy and

23  public trial by a jury on the charges against you which are

24  contained in Indictment 17 Cr. 243.

25          Do you understand those rights?

1           THE DEFENDANT:  Yes.

2           THE COURT:  If there were a trial, you would be

3   presumed innocent, and the government would be required to

4   prove you guilty by competent evidence and beyond a reasonable

5   doubt.  You would not have to prove you were innocent at a

6   trial.  Do you understand those rights?

7           THE DEFENDANT:  Yes.

8           THE COURT:  If there were a trial, a jury composed of

9   twelve people selected from this district would have to agree

10  unanimously that you were guilty.  Do you understand those

11  rights?

12          THE DEFENDANT:  Yes.

13          THE COURT:  You have a right to be represented by an

14  attorney at trial and at every other stage of the proceedings

15  against you.  If you cannot afford an attorney, one will be

16  provided to you at no cost to you.  Do you understand those

17  rights?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If there were a trial, you would have a

20  right to see and hear all of the witnesses against you, and

21  your attorney could cross-examine them, you would have the

22  right to have your attorney object to the government's evidence

23  and offer evidence on our own behalf if you so desired, and you

24  would have the right to have subpoenas issued or other

25  compulsory process used to compel witnesses to testify in your

I7RJMCGP                    Plea

1   defense.  Do you understand those rights?

2          THE DEFENDANT:  Yes.

3          THE COURT:  If there were a trial, you would have the

4   right to testify if you wanted to, but no one could force you

5   to testify if you did not want to testify.  In addition, no

6   inference or suggestion of guilt could be drawn against you if

7   you choose not to testify at your trial.  Do you understand

8   those rights?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that by entering a plea

11   of guilty today, you're giving up each and every one of those

12   rights that I've been describing, you're waiving each of those

13   rights and that there will be no trial in this action against

14   you?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that you have the right

17   to change your mind right now and refuse to enter a plea of

18   guilty?  You do not have to enter this plea if you do not want

19   to for any reason whatsoever.  Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you received a copy of the indictment

22   against you, 17 Cr. 243?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you read it?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Did you discuss it with your attorney?

2          THE DEFENDANT:  Yes.

3          THE COURT:  You have the right to have me read that

4   indictment now in open court, but if you don't want me to read

5   it, you have the right to waive my reading of it.  Do you want

6   me to read it or not?

7          THE DEFENDANT:  No, thank you.

8          THE COURT:  I accept that as a knowing and voluntary

9   waiver of the right to have the indictment read in open court.

10          Do you understand you're charged in Count 1, sir, with

11   participating in a conspiracy to commit wire fraud, in

12   violation of Title 18, United States Code, Section 1349.  Do

13   you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that if you did not

16   plead guilty, the government would have to prove each and every

17   part or element of the charge in Count 1 against you beyond a

18   reasonable doubt at a trial?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Mr. Sobelman, would you tell Mr. McGowan

21   what the elements are the government would have to prove beyond

22   a reasonable doubt in order for a jury to return a verdict of

23   guilty against him.

24          MR. SOBELMAN:  Yes, your Honor.

25          Title 18, United States Code, Section 1349, as charged

I7RJMCGP                      Plea

1   in Count 1 of the indictment, has two elements:

2            First, two or more persons in some way or manner

3   agreed to try to accomplish a common and unlawful plan to

4   commit wire fraud; and

5            Two, the defendant knew the unlawful purpose of the

6   plan and willfully joined in it.

7            Would your Honor like me to describe the elements of

8   wire fraud?

9            THE COURT:  Yes.

10            MR. SOBELMAN:  Wire fraud has three elements:

11            That a scheme was devised to defraud or to obtain

12   money or property by materially false or fraudulent pretenses,

13   representations or promises;

14            That there was an intent to defraud, and that in

15   advancing, furthering or carrying out the scheme, there was

16   transmitted any writing, signal or sound by means of a wire,

17   radio or television communication in interstate commerce, or

18   that any transmission was caused of that kind in interstate

19   commerce.

20            THE COURT:  Do you understand, sir, that those are the

21   elements the government would have to prove beyond a reasonable

22   doubt?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you also understand that the maximum

25   possible penalty of the crime of participating in a conspiracy

I7RJMCGP                        Plea

1    to commit wire fraud is a maximum term of imprisonment of 20

2    years, plus a maximum term of supervised release of three

3    years, plus a maximum fine of the greatest of $250,000 or twice

4    the gross pecuniary gain derived from the offense or twice the

5    gross pecuniary loss to individuals other than you resulting

6    from the offense, plus a $100.00 mandatory special assessment?

7            In addition, the court must order restitution from you

8    to those injured as a result of your criminal conduct.  Do you

9    understand that that's the maximum possible penalty?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Now I was telling you the maximum possible

12   penalty, and I said part of it was up to 20 years in prison and

13   part of it is up to three years supervised release.

14           I wish to inform you, sir, that "supervised release"

15   means you're going to be subject to monitoring upon your

16   release from prison, and that monitoring is to be under terms

17   and conditions that could lead to your return to prison without

18   any jury trial for all or part of the term of supervised

19   release and without credit for time previously served on

20   post-release supervision if you violate any term or condition

21   of supervised release.  Do you understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Do you understand that if I accept your

24   guilty plea and determine that you are guilty, that

25   determination may deprive you of such valuable civil rights,

1    such as the right to vote, the right to hold public office, the

2    right to serve on a jury and the right to possess any kind of

3    firearm?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Mr. Garber, is your client a United States

6    Citizen?

7              MR. GARBER:  Yes, he is, Judge.

8              THE COURT:  Mr. McGowan, under current law there are

9    sentencing guidelines that judges such as myself must utilize

10   in applying the factors set forth in 18 United States Code

11   Section 3553 (a) to determine a reasonable and fair and

12   appropriate sentence in your case.  Have you talked to Mr.

13   Garber how the sentencing guidelines work?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand that I won't be able to

16   determine what the guideline range is in your case until after

17   I have received a presentence report that is going to be

18   compiled by the United States Probation Office, which is an arm

19   of this Court.  Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  The Probation Office is going to interview

22   you.  Mr. Garber can be there if he wishes, and I want you to

23   give them accurate and complete information because the

24   information you give them is going to be a part of the basis of

25   the report.  I imagine they're going to check the validity of

1    the information you give them but, in any event, they will use

2    the information in that report, and I am going to use that

3    report to help guide me in determining what an appropriate

4    sentence is.  So I want you to give them complete and accurate

5    information.  Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  After that report comes out, you and Mr.

8    Garber and Mr. Sobelman, for that matter, will have the ability

9    to challenge any of the facts set forth therein.  If anyone

10   objects to those facts, I will, if needed, make a determination

11   on those facts and ultimately determine what the appropriate

12   guideline range is in your case, but after I do that, sir, I

13   have the ability to impose a sentence in your case based on a

14   departure from the guidelines.

15             In other words, I can below the guideline range or I

16   can sentence you above the guideline range on the basis of a

17   departure.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Even after I do that; that is, even after

20   I determine what the appropriate guideline range is, and after

21   I determine whether I should depart upward or downward from the

22   guideline range, I then have to apply all of the factors in

23   Section 3553 (a) to determine what sentence is fair and

24   appropriate and reasonable and sufficient, but not greater than

25   necessary to meet the ends of the criminal justice system.

I7RJMCGP                          Plea

1        Do you understand that process of sentencing?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Do you understand that if you're sentenced

4   to prison -- and my working assumption at this point based on

5   the guidelines the parties have agreed to is you will be

6   sentenced to prison -- the system of parole that used to exist

7   in the federal system has been abolished and you are not going

8   to be released any earlier on parole.

9        Do you understand that?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Do you understand that if Mr. Garber or

12   Mr. Sobelman or anyone else or any of your family members or

13   just anybody has tried to estimate or predict what your

14   sentence is going to be, or they've told you what your sentence

15   is going to be, that those estimations or predictions or hopes

16   or statements, whatever they may be, all may be wrong.

17        Do you understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  As I am the one to sentence you, and I

20   don't know what your sentence is going to be because I just

21   don't know enough about your crime, your history, about you and

22   your upbringing, your employment in order to be able to follow

23   the dictates of Section 3553 (a) and sentence you

24   appropriately.

25        Do you understand that if the "predictions" that

1   anyone has made or the expectations or hopes and fears of

2   anyone in regard to what your sentence is going to be may not

3   be brought out, and even if you yourself have an expectation as

4   to what your sentence is going to be, you'll not be allowed to

5   withdraw your guilty plea if those expectations are not met.

6   You are going to be bound to this guilty plea.

7           If I sentence you to something different than what you

8   think it is going to be, you still are going to be bound to the

9   guilty plea.  Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  I have been given a letter, dated July 4.

12  I asked Mr. Sobelman about it earlier, and it has a variety of

13  signatures on it.  It is a six-page letter.  It is addressed to

14  Mr. Garber, and it appears to be signed by Mr. Sobelman.  Is

15  that correct, sir?

16          MR. SOBELMAN:  Yes, your Honor.

17          THE COURT:  I am going to ask my Deputy to mark it as

18  Government Exhibit No. 1, and I will refer to it as the plea

19  agreement, sir.  I am going to ask my Deputy to show you the

20  last page.  Is that your signature on the last page?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Did you read that document before you

23  signed it?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Did you discuss it with Mr. Garber before

I7RJMCGP                          Plea

1    you signed it?

2               THE DEFENDANT:  Yes, your Honor.

3               THE COURT:  Did he answer your questions or any

4    questions you may have had about it?

5               THE DEFENDANT:  Yes.

6               THE COURT:  Do you fully understand the agreement now?

7               THE DEFENDANT:  Yes.

8               THE COURT:  Did you fully understand it at the time

9    you signed it?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Does this letter agreement, Government

12   Exhibit No. 1, constitute your complete and total understanding

13   of the entire agreement between the government, Mr. Garber and

14   yourself?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Is everything about your plea and sentence

17   contained in this agreement?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Sir?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Are there any side deals that I should

22   know about?  Is there anything left out of this agreement that

23   I should know about?

24              THE DEFENDANT:  No.

25              THE COURT:  Has anyone offered you any inducements or

1    threatened you or forced you to plead guilty or to enter into

2    this plea agreement?

3              THE DEFENDANT:  No.

4              THE COURT:  Do you understand that in this plea

5    agreement, sir, you're agreeing to forfeit to the United States

6    $1,763,582.05.  Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Somebody will tell me at some point how

9    they came up with the 5 cents.  That is a substantial amount of

10   money, and you have agreed to forfeit it.

11             Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand, sir, that you've also

14   agreed to make restitution to the victims of this conspiracy in

15   the same amount?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand that you've agreed and

18   stipulated that the guideline range in your case is 78 to 97

19   months in prison?

20             THE DEFENDANT:  Yes..

21             THE COURT:  Do you understand that you have agreed to

22   waive your right to appeal this sentence and you have agreed to

23   waive your right to collaterally attack the sentence if I

24   sentence you to 97 months in prison or less?

25             Do you understand that?

I7RJMCGP                        Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you also understand that you've agreed

3    not to appeal any forfeiture amount --

4              THE DEFENDANT:  Yes.

5              THE COURT:  -- that is equal to or less than the sum I

6    said before; that is, $1,763,582.05?

7              THE DEFENDANT:  Yes.

8              THE COURT:  You've also agreed not to appeal any

9    restitution amount that is equal to or less --

10             THE DEFENDANT:  Yes..

11             THE COURT:  -- than $1,705,586.05?  Do you understand

12   that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Now, Mr. Sobelman, I don't need the

15   details at this point, but there does appear to be a slight

16   difference between the forfeiture amount and restitution

17   amount.  Was that purposeful?

18             MR. SOBELMAN:  Yes, your Honor.

19             THE COURT:  So I may have misspoken before and I

20   didn't realize there was a difference between those two sums,

21   so let me make sure you do understand.

22             You've agreed to forfeit $1,763,582.05.  Do you

23   understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And you've agreed to make restitution to

1    victims in the sum of $1,705,586.05.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              MR. GARBER:  Judge, can I have one moment?

4              THE COURT:  Yes.

5              (Off-the-record discussion)

6              THE COURT:  Are the parties intending I sign the

7    consent preliminary order of forfeiture now or wait until the

8    sentencing?

9              MR. SOBELMAN:  Typically, we wait until sentencing.

10             There are blanks on the form we can do and submit it

11   at that time, but we defer to the court.

12             THE COURT:  That is all right.  It is up to the

13   parties.  Mr. Garber, are you aware of any valid defense that

14   would prevail at trial or do you know of any reason why Mr.

15   McGowan should not be permitted to plead guilty this morning?

16             MR. GARBER:  No.

17             THE COURT:  Is there an adequate factual basis in the

18   record here to support your client's plea of guilt?

19             MR. GARBER:  Yes.

20             THE COURT:  Mr. Sobelman, in the view of the

21   government, is there an adequate factual basis to support the

22   defendant's plea?

23             MR. SOBELMAN:  Yes, your Honor.

24             THE COURT:  Mr. McGowan, tell me now what you did that

25   makes you guilty of Count 1.

I7RJMCGP                    Plea

1              THE DEFENDANT:  Between October --

2              THE COURT:  Just a moment.  First of all, I see you're

3    starting to read something, so slow down a little because it

4    has to be recorded.

5              Secondly, what you're reading from, often usually a

6    lawyer will assist you in drafting that.  That is perfectly all

7    right, but what I need to know before you start reading it is

8    that everything you say in it is, in fact, true regardless of

9    whether your lawyer assisted in drafting or for that matter

10   drafting it.  Can you tell me what you're about to tell me is

11   true?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Go ahead.  What did you do?

14             THE DEFENDANT:  Between October 2013 and March 2017, I

15   agreed with others to defraud customers in telemarketing

16   businesses.

17             THE COURT:  You agreed with others to do what?

18             THE DEFENDANT:  Defraud customers through

19   telemarketing businesses.

20             THE COURT:  All right.

21             THE DEFENDANT:  We defrauded customers.  The

22   businesses were the Carlyle Management Group and Vanguard

23   Business Consultants.  We defrauded customers by persuading

24   them, through false promises, to pay for services, including

25   website creation and training that was supposed to generate

I7RJMCGP                    Plea

1   income from home businesses.  We knew what we were doing was

2   illegal, and some of our conduct occurred in Manhattan.

3          THE COURT:  What occurred in Manhattan?

4          THE DEFENDANT:  We had a virtual office in Manhattan

5   to receive the checks.

6          THE COURT:  Checks from the victims were sent to an

7   office in Manhattan?

8          THE DEFENDANT:  All of our mail.

9          THE COURT:  Through mail?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  You knew that what you were

12   doing was wrong and illegal, correct?

13          THE DEFENDANT:  Yes.

14          THE COURT:  The government, tell me the evidence you

15   have against Mr. McGowan.

16          MR. SOBELMAN:  Your Honor, if the case were to proceed

17   to trial, the evidence would include cooperating witness

18   testimony, victim testimony, the contents of electronic devices

19   and email accounts and other types of electronic evidence that

20   had been gathered in the course of the case as well as hard

21   copy documents that were seized from, among other places, Mr.

22   McGowan's businesses.

23          THE COURT:  All right.  Can you be more specific about

24   what you have regarding Mr. McGowan, unless you're telling me

25   he was the only one in the businesses that he mentioned, which

I7RJMCGP                        Plea

 1    I doubt was the case.

 2              MR. SOBELMAN:  No, your Honor.  Specifically we would

 3    show Mr. McGowan founded and was the leader of the two

 4    businesses that he named and that he hired and instructed

 5    others to engage in the fraudulent telemarketing practices Mr.

 6    McGowan allocuted to.

 7              THE COURT:  Again what evidence do you have supporting

 8    it?

 9              MR. SOBELMAN:  We have cooperator testimony, we have

10    victim testimony.

11              THE COURT:  About his involvement?

12              MR. SOBELMAN:  Correct.  There would be victim

13    testimony about the individuals that he employed and instructed

14    to defraud them.

15              THE COURT:  Normally these people use fake names?

16              MR. SOBELMAN:  Yes, your Honor.  Through cooperator

17    testimony and documentary evidence, we would be prepared to

18    show which fake names lined up with which real people.

19              THE COURT:  Anything else?

20              MR. SOBELMAN:  We would also have financial records,

21    including the checks that Mr. McGowan referenced in his

22    allocution that would show the funds flowing from victims to

23    Mr. McGowan's companies and some of that money flowing then to

24    him personally.

25              THE COURT:  Thank you.

1              Mr. McGowan, how do you now plead to the charge in

2     Indictment 17 Cr. 243, guilty or not guilty, sir?

3              THE DEFENDANT:  Guilty.

4              THE COURT:  Are you pleading guilty because you are

5     guilty?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Are you pleading guilty voluntarily and of

8     your own free will?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Mr. Garber, do you want me to make any

11    further inquiries?

12             MR. GARBER:  No.  It is not necessary.

13             THE COURT:  Mr. Sobelman?

14             MR. SOBELMAN:  No, your Honor.

15             THE COURT:  Mr. McGowan, because you acknowledge

16    you're guilty as charged, because I find you know your rights

17    and are waiving them knowingly and voluntarily, because I find

18    your plea is entered knowingly and voluntarily and is supported

19    by an independent basis in fact containing each of the

20    essential elements of the offense that you have pled to, I

21    hereby accept your guilty plea, sir, and adjudge you guilty of

22    Count 1 of Indictment 17 Cr. 243.

23             I am setting a date for sentencing for December 3, at

24    2:30 pm, or any adjourned date as the date for sentencing.  The

25    date for sentencing now is December 3.  I have the ability to

I7RJMCGP                    Plea

1    adjourn it if I deem it appropriate.  Is there any application

2    from the government in regard to bail?

3              MR. SOBELMAN:  No, your Honor.

4              THE COURT:  Mr. McGowan, essentially what I just asked

5    the government is are they moving for your remand, and

6    essentially what Mr. Sobelman said is no.

7              I am going to release you now on all the conditions

8    that you have been released up to now.  In other words, all of

9    the conditions of bail that you've been out on continue to

10   apply and any violation of any of those conditions will be

11   severe.  Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand, Mr. McGowan, that if

14   you fail to return to this courtroom on December 3, at 2:30 pm,

15   or any date I adjourn it to, you are going to be guilty of a

16   criminal act for which you could be sentenced to imprisonment

17   separate, apart from and in addition to any other sentence you

18   might receive for the crime to which you have just pled guilty?

19             THE DEFENDANT:  Yes.

20             THE COURT:  All right.  I will see you on December 3.

21             Thank you.

22             (Court adjourned)

23

24

25